UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL L. SCARPINATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:15-CV-509 WL |
| vs. ) | |
| ) | |
| INDIANA STATE PRISON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Daniel L. Scarpinato, a *pro se* prisoner, filed a second amended complaint pursuant to 42 U.S.C. § 1983 against two Indiana State Prison ("ISP") officers. He complains about a number of conditions of his confinement while housed in segregation at ISP. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

This is Scarpinato's third attempt to assert his claims. (DE 1, 10, 16.) In the present complaint, Scarpinato alleges he was housed under substandard conditions while in the Special Management Cell ("SMC") at ISP from June 19, 2015 through July 2, 2015, and again from December 8, 2015 through December 17, 2015. He alleges that during these periods of time in segregation, he wanted to take a daily shower but the two defendants would only allow him to shower once every three days. He complains that Officers Hough and Watson would not allow him to have cleaning supplies in his cell or allow other jail personnel clean his cell. He further alleges that these defendants denied him the ability to send or receive mail. He maintains that these defendants provided with a clean change of clothes only once every three to five days. He also asserts that these two officers would not allow him to have a Bible in his cell. Next, he complains that his diet was changed to finger foods. And, finally, he alleges that Officers Hough and Watson gave him a dirty, scabies-infested mattress to sleep on which caused him to contract scabies. Based on these events, Scarpinato sues both Officer S. Hough and Officer Anthony Watson, asserting they violated his Eighth Amendment rights.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, the Court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The objective prong asks whether the alleged

deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

To start, Scarpinato alleges that the defendants gave him a scabies-infested mattress, which caused him to contract scabies that required medical attention.[1] Giving Scarpinato the inferences to which he is entitled at this stage, he satisfies the objective prong based on contracting scabies from the mattress. *Townsend*, 522 F.3d at 773; *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992) (prisoner stated Eighth Amendment claim where he alleged he was held in filthy cell that lacked adequate heating, contained dirty bedding,

---

[1] It is unclear if this took place in his first stint in segregation (June 19, 2015 through July 2, 2015) or his second (December 8, 2015 through December 17, 2015).

and was infested with insects). Scarpinato alleges that he told the defendants that the mattress he was being given was dirty and infested with scabies, but the officers nevertheless made him sleep on that mattress. Thus, the allegations are that the defendants knowingly had Scarpinato sleep on a scabies-infested mattress. Taking his allegations as true, this amounts to deliberate indifference. As such, Scarpinato will be granted leave to proceed on this Eighth Amendment claim against the defendants.

Scarpinato's remaining claims do not fare as well. While Scarpinato complains that he was only allowed to shower once every three days, that does not violate the constitution. *Jaros v. Ill. Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (noting that limiting inmates to weekly showers does not violate the Eighth Amendment). Scarpinato's complaint that he was forced to wear the same clothes for 3 to 5 days at a time does not violate the constitution either. While being forced to wear the same clothes for months at a time has been found to satisfy the objective component of the Eighth Amendment, *Omar v. Hughes*, Case No. 15-CV-1301, 2016 WL 51392 (S.D. Ill. Jan. 5, 2016) (holding that a six month period with no change of clothes can violate the Eighth Amendment) and *Carter v. Meisner*, No. 12-CV-574, 2014 WL 5580917, *8-9 (W.D. Wisc. Oct. 31, 2014) (unconstitutional conditions found where inmate had only a single set of clothing for one year), being forced to wear the same clothes for 3-5 days falls far short of stating an objectively serious condition. Moreover, it is not plausible to find that either the frequency of Scarpinato's showers or changing of clothes played any role in his contracting scabies from the mattress. See National Institutes of Health, Medline Plus, Scabies (September 6, 2016, 11:14 AM), https://medlineplus.gov/scabies.html.

Next, Scarpinato complains that he was not given cleaning supplies and that no jail personnel cleaned his cell while he was in segregation. However, the denial of cleaning supplies does not

ordinarily violation the constitution. Eighth Amendment violations where prisoners are deprived of cleaning supplies are only found in "extreme circumstances." *Gray v. Hardy*, ___ F.3d ___, 2016 WL 3457647, *3 (7th Cir. June 24, 2016) (citing case where prisoner was denied cleaning supplies even though the walls of the cell were smeared with feces). There is nothing alleged about the general condition of Scarpinato's cell that was extreme or unusual. In addition, Scarpinato was only housed in the SMC for brief periods of time. And, it is not plausible to conclude that ordinary cleaning supplies would have affected or had any impact on Scarpinato's contraction of scabies. See National Institutes of Health, Medline Plus, Scabies (September 6, 2016, 11:20 AM), https://medlineplus.gov/scabies.html. As such, it is not plausible to find that the denial of cleaning supplies violated his Eighth Amendment rights.

Next, he alleges that both officers hindered his ability to send and receive mail. This denied him the opportunity to notify the court of his conditions of confinement sooner. An inmate has a general First Amendment right to send and receive mail when it involves their right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted). Scarpinato's filing indicates that he has not been denied access to the courts. He wanted to complain about the conditions of confinement, which he

is doing through this lawsuit. At most, the defendants' actions delayed the filing of this case, which does not violate the First Amendment. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Next, Scarpinato complains that he was not allowed to have a Bible in his cell. Prisoners enjoy a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Scarpinato's claim is centered around his inability to have a Bible during his brief stints in segregation. Inmates in segregation are permissibly subjected to far more restrictive conditions than those in general population, including being precluded from prison activities, religious services, contact visits, exercise privileges, and regulation of personal items they are allowed to have in their cell. *Lekas v. Briley,* 405 F.3d 602, 610-12 (7th Cir. 2005). Thus, Scarpinato's allegations that he was temporarily denied privileges he would have received had he remained in the general population do not state a plausible claim for relief.

Finally, he alleges that these two officers changed his diet to "finger foods," which resulted in him suffering hunger pains and weight loss. The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Here, Scarpinato's allegations do not plausibly allege that receiving a standard finger food diet during his brief period in segregation amounts to an Eighth Amendment violation. Although he claims to have received less food than he normally received, that is insufficient to state an

objectively serious condition. Moreover, Scarpinato does not allege his diet was changed based on any deliberate indifference. Instead, he admits that everyone in the SMC receives the same diet. Thus, he has not alleged a plausible constitutional claim.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Anthony Watson and S. Hough in their individual capacities for money damages for failing to provide him with adequate bedding on June 19, 2015 through July 2, 2015, and again on December 8, 2015 through December 17, 2015, in violation of the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Anthony Watson and S. Hough with a copy of this order and the second amended complaint as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Anthony Watson and S. Hough respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September 12, 2016

                                                   s/William C. Lee
                                                   William C. Lee, Judge
                                                   United States District Court