UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIEL LEE SCARPINATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15CV509-PPS |
| | ) | |
| INDIANA STATE PRISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Daniel Lee Scarpinato, a *pro se* prisoner, filed this action under 42 U.S.C. § 1983 alleging he was subjected to substandard conditions of confinement from June 19, 2015, through July 2, 2015, and again on December 8, 2015, through December 17, 2015, at the Indiana State Prison (ISP). He claims that during these two periods of time, Officers Watson and Hough forced him to sleep on a scabies-infested mattress, which caused him to contract an itchy skin condition. Based on these events, Scarpinato was granted leave to proceed against both officers for violating his Eighth Amendment rights. The defendants move for summary judgment, arguing that Scarpinato failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). ECF 27.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the undisputed facts show that Scarpinato was housed at ISP at all relevant times and that the prison has a formal grievance process in place. ECF 29-2; ECF 34 at 2. The grievance process has three steps: an attempt at informal resolution; submission of a written grievance; and a formal appeal. ECF 29-1 at 3, 4. The prison keeps a record of all filed grievances, and those records do not show that Scarpinato exhausted the grievance process regarding the events giving rise to this lawsuit. *Id*. at 5. Based on these facts, the defendants argue that the complaint should be dismissed because Scarpinato has not exhausted the administrative remedies as required by 42 U.S.C. § 1997e(a).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit takes a "strict compliance approach to exhaustion[,]" which means that a prisoner must take each of the required steps in the

process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Id.*

Scarpinato does not dispute that he did not complete the prison's grievance process before he filed this case regarding the June 19, 2015, incident, but he alleges facts that might suggest that the prison's grievance process was unavailable to him. ECF 34 at 3, 4. Under applicable law, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole*, 438 F.3d at 809. An administrative remedy is unavailable, for example, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting" his remedies. *Dole*, 438 F.3d at 812.

First, Scarpinato submitted an informal grievance on July 10, 2015, which was denied as untimely. However, Scarpinato claims he was prevented from submitting an informal grievance any earlier. ECF 34 at p. 3. He generally asserts that he requested an informal grievance form within 5 business days of the incident and filed the grievance form within 5 days of receiving the form. However, he has not provided enough facts to find a genuine dispute exists. Scarpinato does not explain when he requested the informal grievance form, from whom he requested that form, or when he received that form. Nor does Scarpinato state whether he provided or attempted to provide jail officials any reason for why he did not submit his informal grievance until July 10, 2015.

Second, Scarpinato submitted a formal grievance on July 20, 2015, which was

denied as untimely. He claims that his formal grievance was wrongly denied as untimely. He vaguely asserts that he explained to Vicki Long that his formal grievance complied with the grievance process, but that she still denied it as untimely. This explanation, too, is insufficient to stave off summary judgment. Scarpinato does not explain the details of what he said to Vicki Long or what she told him in response. Nor does Scarpinato state whether he provided or attempted to provide jail officials any reason for why his formal grievance was not submitted until July 20, 2015.

Third, Scarpinato generally claims he was denied the right to appeal his grievance. But, again, he fails to identify any efforts he made to appeal the denial of his formal grievance or how those efforts were frustrated.

In addition, Scarpinato has not sworn to the facts alleged in the complaint under penalty of perjury. That would ordinarily be the end of the matter, but, given that Scarpinato is proceeding *pro se*, he may not have known the proper format or the level of detail required for his filings. What Scarpinato has filed suggests that he may be able to establish a triable issue of fact regarding whether he exhausted administrative remedies requiring a *Pavey* hearing, but more detail is needed before that determination can be made. *See generally Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, I have discretion to afford that party an opportunity to properly support that fact. *See* Fed. R. Civ. P. 56(e); *see also Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014). In the interest of justice, and in

light of Scarpinato's *pro se* status, I will give him an opportunity to file a sworn declaration or affidavit with additional information about his efforts to exhaust. The declaration or affidavit must address the specific issues listed below and may include other relevant details about Scarpinato's efforts to exhaust. Scarpinato may also submit any supporting documentation he has or can obtain. The defendants will be given an opportunity to respond to this filing.

**Conclusion**

Accordingly, the Motion for Summary Judgment (ECF 27) is **TAKEN UNDER ADVISEMENT** pending receipt of supplemental information from the plaintiff. Scarpinato is **DIRECTED** to submit a sworn declaration or affidavit with the following information **no later than July 24, 2017**:

> (1) the specific action(s) Scarpinato took to informally resolve his grievance and the date(s) on which he took those actions;
>
> (2) the specific action(s) Scarpinato took to file a formal grievance and the date(s) on which he took those actions;
>
> (3) the specific action(s) Scarpinato took to file a grievance appeal and the date(s) on which he took those actions; and
>
> (4) all oral, verbal, or other response(s) by jail staff that hindered Scarpinato's efforts to informally resolve and/or file his grievance and/or file his appeal, along with;
>
>> (a) the person's name and title (or, if unknown, his/her description);
>>
>> (b) what action each person took that delayed Scarpinato from informally resolving or filing a grievance or appeal;
>>
>> (c) the date(s) on which Scarpinato interacted with each staff member; and

(d) any other relevant information, such as what Scarpinato said to these individuals and their response(s).

In addition, the defendants are **GRANTED** leave **until August 11, 2017** to respond any filing by the plaintiff. Finally, Scarpinato is **CAUTIONED** that failure to provide the information outlined above may result in the summary judgment motion being granted without further notice.

**SO ORDERED**.

ENTERED: July 6, 2017.

/s/ Philip P. Simon
Judge
United States District Court